

FILED
JUN 2 2 2015
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| JOHN ABRAHAM, <br><br> Plaintiff, <br><br> v. <br><br> CAWLEY & BERGMANN, LLP, <br><br> Defendant. | Case No. 2:15cv279 <br><br> **COMPLAINT** <br><br> **JURY DEMANDED** |

Now comes the Plaintiff, JOHN ABRAHAM, by and through his attorneys, and for his Complaint against the Defendant, CAWLEY & BERGMANN, LLP, Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1367, and 15 U.S.C. § 1692k(d). This jurisdiction includes supplemental jurisdiction with respect to pendent state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

### PARTIES

4. Plaintiff is an individual who was at all relevant times residing in Virginia Beach, Virginia.

5. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

6. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

7. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

8. On information and belief, Defendant is a limited liability partnership of the State of New York, which is not licensed to do business in Virginia, and which has its principal place of business in Williamsville, New York.

## STATEMENTS OF FACTS

9. On or about March 24, 2015, Defendant placed a telephone call to Plaintiff in an attempt to collect the alleged debt. Defendant placed said telephone call to Plaintiff's personal telephone number at his place of employment.

10. During said communication, Plaintiff informed an employee, agent and/or representative of Defendant who identified himself as "Mr. Ford," that he could not take personal telephone calls at his place of employment. Mr. Ford responded to Plaintiff by stating that he should take steps to resolve the alleged debt and that Defendant could pursue legal action against Plaintiff.

11. To date, to the best of Plaintiff's knowledge, Defendant has not pursued legal action against Plaintiff in relation to the alleged debt.

12. Despite having received notice of Plaintiff's request to not place any further telephone calls to his place of employment, on or about April 14, 2015, Defendant placed another telephone call to Plaintiff's place of employment in an attempt to collect the alleged debt.

13. During said communication, Plaintiff informed an employee, agent and/or representative of Defendant who identified himself as "Frederick Jones," that he could not take personal telephone calls at his place of employment.

14. Plaintiff is an Account Executive. He works in close proximity to his co-workers. Plaintiff's co-workers overheard the conversations he had with both Mr. Ford and Frederick Jones. This embarrassed Plaintiff greatly, as he is concerned that his coworkers will find out about his financial difficulties. Plaintiff is also concerned that he will be reprimanded by his supervisor as a result of the said telephone calls placed to his place of employment.

15. In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

16. As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer embarrassment, humiliation, stress, aggravation, emotional distress and mental anguish.

### COUNT I

17. Plaintiff incorporates all of the allegations and statements made in paragraph 1 through 16 above as if reiterated herein.

18. Defendant violated 15 U.S.C. § 1692c(a)(3) by communicating with Plaintiff at Plaintiff's place of employment where Defendant knew or had reason to know that Plaintiff's employer prohibited Plaintiff from receiving such communications.

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

### COUNT II

19. Plaintiff incorporates all of the allegations and statements made in paragraph 1 through 16 above as if reiterated herein.

20. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and/or abuse Plaintiff in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT III

21. Plaintiff incorporates all of the allegations and statements made in paragraph 1 through 16 above as if reiterated herein.

22. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and/or misleading representation or means in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT IV

23. Plaintiff incorporates all of the allegations and statements made in paragraph 1 through 16 above as if reiterated herein.

24. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount and/or legal status of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3); and

    d.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT V

25. Plaintiff incorporates all of the allegations and statements made in paragraph 1 through 16 above as if reiterated herein.

26. Defendant violated 15 U.S.C. § 1692e(5) by threatening to take action that could not legally be taken and/or that was not intended to be taken.

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VI

27.    Plaintiff incorporates all of the allegations and statements made in paragraph 1 through 16 above as if reiterated herein.

28.    Defendant violated 15 U.S.C. § 1692e(10) by using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt and/or to obtain information about Plaintiff.

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3); and

    d.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VII

29.    Plaintiff incorporates all of the allegations and statements made in paragraph 1 through 16 above as if reiterated herein.

30. Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d. Any other legal and/or equitable relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his FDCPA claims in this action.

RESPECTFULLY SUBMITTED,

JOHN ABRAHAM

By: *[signature]*

Attorney for Plaintiff
Virginia Bar No. 41791
Upright Law LLC
372 S. Independence Blvd.
Suite 109
Virginia Beach, VA 23452
Phone: (757) 340-3100
epfeiffer@hamptonroadslegal.com

8